IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| TEACORP, INC.; fka CORPORACION | § | CASE NO: 06-32288 |
| LAGG'S INC. | § | |
|     Debtor. | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION

On June 1, 2006, Teacorp, Inc. ("Teacorp") filed a voluntary petition under chapter 7 of the Bankruptcy Code.  The petition was signed by Miguel Gonzalez, as Secretary, and John Burger, as the Debtor's attorney.  On December 28, 2006, Franceville Int'l Ltd. ("Franceville") filed a second motion to dismiss the bankruptcy case [docket no. 50].[1]  The motion alleges that the petition was not authorized and was therefore filed in bad faith.

The Court held an evidentiary hearing with respect to Franceville's motion on January 18, 2007.  The Court's initial findings of fact and conclusions of law were made on the record pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.  In summary, the Court ruled that it should retain the case if it had been properly filed since the movants did not demonstrate that dismissal is in the best interest of the estate.  However, the Court took the issue of whether the bankruptcy petition was properly filed under advisement.

Specifically, the Court determined that the only directors ever appointed by Teacorp were Carlos Gonzalez and Miguel Gonzalez.  The Court further determined that a written resolution, dated June 1, 2006, by the directors that recommends that the corporation be authorized to file bankruptcy was insufficient to authorize the corporation to take such an action.  However, the

---

[1] Franceville was joined by additional creditors in filing the motion.  The additional creditors include: Maria del Carmen Guilbot Serros de Gonzalez as Independent Administrator of the Estate of Miguel Angel Luis Gonzalez y Vallejo, Maria del Carmen Guilbot Serros de Bonzalez, Individually, Luis Amadeo Gonzalez Guilbot, Guillermo Gonzalez Guilbot, Gerardo Gonzalez Guilbot, Javier Gonzalez Guilbot, Madeira International Ltd., Ltd.

1

Court found that Carlos Gonzalez and Miguel Gonzalez participated in an informal directors meeting on June 1, 2006, at which the directors reached an oral consensus that Teacorp should file bankruptcy.

At the conclusion of the hearing, the Court invited the parties to submit briefs on the following issue: Whether the directors' informal vote, without any written resolution that fully implements the vote, is sufficient to allow a Texas corporation to file bankruptcy under federal law? Both Franceville[2] and Teacorp, Inc., joined by Carlos Gonzalez and Miguel Gonzalez, filed briefs.

**Analysis**

The Texas Business Corporation Act ("Business Corporation Act" or "TBCA")[3] governs a corporation's affairs. The parties have presented no evidence of Teacorp's articles of incorporation or bylaws. Consequently, the Business Corporation Act governs this matter.

Texas law provides, in relevant part, that "the powers of a corporation shall be exercised by or under the authority of, and the business and affairs of a corporation shall be managed under the direction of, the board of directors of the corporation." TEX. BUS. CORP. ACT art. 2.31(A). The officers of the corporation are elected by the board of directors and inherit their authority from that provided in the bylaws or that determined by the directors. *Id*. at § 2.42.

The directors are free to select the location and time and place of their meetings. *Id*. at § 2.37(A). Although regular meetings of the board of directors may be held with or without notice as set forth in the corporation's bylaws, notice must be given for special meetings. *Id*. at

---

[2] Franceville's motion was joined by the additional creditors listed *supra*, note 1.

[3] The Texas Business Organizations Code (BOC), enacted in 2003, codifies the TBCA. The BOC became effective on January 1, 2006 and applies to all domestic entities formed on or after that date. The TBCA continues to govern existing corporations formed prior to January 1, 2006, until January 1, 2010 when existing entities automatically become subject to the BOC unless the corporation elects to be governed by the BOC prior to January 1, 2010. Teacorp was incorporated prior to January 1, 2006. There is no evidence that the corporation has elected to be governed by the BOC. Accordingly, the TBCA governs the affairs of Teacorp.

§ 2.37(B). A director's attendance at a meeting, absent objection, constitutes waiver of notice of such meeting. *Id.* Unless the articles of incorporation or bylaws of a corporation provide otherwise, whenever a quorum of directors is present, an act by the majority of those present shall be the act of the board of directors. TEX. BUS. CORP. ACT art. 2.35(A).

Texas law does not require a formal vote or written resolution to validate actions taken at a directors' meeting unless a formal vote is required by statute, charter, or bylaw. *CDB Software, Inc. v. Kroll*, 992 S.W.2d 31, 39 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *see also Swain v. Wiley College*, 74 S.W.3d 143, 147 (Tex. Civ. App.—Texarkana 2002, no pet.) (even when a corporation's bylaws require that the board of directors record its actions, failure to record does not render the board's actions invalid).

In this case, the Court determined that there was a meeting on June 1, 2006, at which all of Teacorp's directors— Carlos Gonzalez and Miguel Gonzalez—were present. Although Carlos Gonzalez and Miguel Gonzalez each participated in the meeting, a formal vote did not occur.[4] Nonetheless, after considering all of the evidence the Court found that the directors informally reached the consensus that Teacorp should file bankruptcy. There is no evidence that Teacorp's bylaws require a formal vote or written resolution before the board of director's action is valid. Accordingly, the Court finds that the directors' informal vote was sufficient to authorize Teacorp to file bankruptcy.

Franceville contends, however, that the Court erred in finding that Carlos Gonzalez and Miguel Gonzalez were authorized to act as directors on behalf of the corporation. Because it owns 100% of Teacorp, Franceville argues it is the sole owner of Teacorp and the only

---

[4] Although the evidence includes a document dated June 1, 2006, and titled "Director's Resolution Recommending Initiation of Chapter 7 Bankruptcy," the Court held this was inadequate as a formal act or written resolution since it simply recommended the action, and did not adopt the act.

shareholder with the ability to elect a board of directors.  Consequently Franceville argues that Carlos Gonzalez and Miguel Gonzalez must prove that they were duly elected by Franceville.

This argument is without merit.  The Business Corporation Act provides that the initial directors, absent resignation or removal, "shall hold office until the first annual meeting of shareholders, and until their successors shall have been elected and qualified."  TEX. BUS. CORP. ACT art. 2.32(A).  Subsequent directors elected by shareholders similarly hold office for the term for which they are elected and until their successors have been elected and qualified.  *Id.* at § 2.32(B).  Consequently, a director not only holds office for the term to which he is elected, but thereafter until his successor has been duly elected and qualified.  *Hand v. Texas ex rel. Yelkin*, 335 S.W.2d 410, 416 (Tex. Civ. App.—Houston 1960, writ ref'd n.r.e.).  Although the Business Corporation Act requires that an annual meeting be held, the failure to do so does not result in the automatic removal of the board of directors.  TEX. BUS. CORP. ACT art. 2.24(B); 2.32.  If the annual meeting is not held within any 13-month period, upon the application of any shareholder who previously submitted a written request to the corporation that an annual meeting be held, a court may order that a meeting be held.  *Id*. at § 2.24(B).  Failure to hold the annual meeting does not result in the winding up or termination of the corporation.  *Id.*

The evidence was undisputed that Carlos Gonzalez and Miguel Gonzalez were elected by the shareholders as the corporation's initial directors.  That election occurred prior to the dispute that presently exists among the putative shareholders of the corporation.  The evidence is also undisputed that there has never been a subsequent election of directors.  Accordingly, as set forth in the preceding paragraph, the originally-elected directors continued in office as of the date of the filing of the bankruptcy petition.

The Court recognizes that shareholders should ultimately control the affairs of a corporation. That ultimate control is normally exercised when the shareholders cast votes for corporate directors. Franceville has presented no evidence that it submitted a written request to Teacorp that an annual meeting be held or that it sought a court order mandating the meeting be held. Nor has Franceville presented any evidence that it sought to remove Carlos Gonzalez and Miguel Gonzalez in accordance with Texas law. *See id.* at § 2.32(C) (a director may be removed, with or without cause, by a vote of the holders of a majority of the shares).

Franceville's argument that it did not approve the bankruptcy is of no avail. Franceville failed to exercise its shareholder's rights by casting votes for a new slate of directors. The Court declines to graft an equitable exception into Texas law.

Alternatively, Franceville contends that the resolution by the board of directors was a resolution to voluntarily dissolve Teacorp by filing bankruptcy. Because Texas law requires that a resolution recommending the corporation be dissolved be adopted by at least two-thirds of the outstanding shares of the corporation, Franceville argues the dissolution was unauthorized and therefore the bankruptcy petition was improperly filed. *See id*. at § 6.03. Franceville's argument fails to distinguish the difference between a corporation's liquidation in bankruptcy and the dissolution of a corporation under state law. *See*, *e.g.*, *In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 126 (3d Cir. 2004); *In re CVA Gen. Contractors, Inc.*, 267 B.R. 773, 781 n.10 (Bankr. W.D. Tex. 2001) (finding that a chapter 7 liquidation of a corporation does not effectuate the dissolution of that corporation under state law). "After liquidation, any dissolution of the corporation or partnership that the parties desire must be effectuated under state law, since the [Bankruptcy] Code does not provide for dissolution of corporations or partnerships."  6 COLLIER ON BANKRUPTCY § 727.01[3] (15th ed. rev. 2006).

Moreover, Franceville's argument makes no sense in the context of the law. If Franceville's argument is accepted, no corporation could file bankruptcy without first holding a shareholder's vote. It is beyond cavil that modern American corporations invoke the protection of the bankruptcy laws without obtaining shareholder votes. The Court is unaware of any major corporate bankruptcy that was commenced only after the shareholders approved the bankruptcy filing.

**Conclusion**

Based on the foregoing, the Court finds that the informal vote by the directors of Teacorp, Inc., was sufficient to authorize Teacorp to file bankruptcy.

Signed at Houston, Texas, on February 7, 2007.

MARVIN ISGUR
United States Bankruptcy Judge